Mr. Ronald E. Gardner Director, Hillsborough County Civil Service Board Post Office Box 1110 Tampa, Florida 33610
Dear Mr. Gardner:
The Hillsborough County Civil Service Board asks substantially the following question:
Does section 295.09, Florida Statutes, require a public employer to hold a position open indefinitely for an employee who takes a leave of absence to serve on active military duty?
In sum:
Section 295.09, Florida Statutes, requires a public employer to either reinstate a returning veteran to the same position held prior to the service in the armed forces or to an equivalent position, if the veteran exercises his or her reemployment rights within one year of an honorable discharge from his or her original enlistment.
Section 295.09, Florida Statutes, provides:
When an employee of the state or any of its political subdivisions . . . has served in the Armed Forces of the United States and is discharged or separated therefrom with an honorable discharge, the state or its political subdivision shall reemploy or reinstate such person to the same position that he held prior to such service in the armed forces, or to an equivalent position, provided such person returns to the position within 1 year of his date of separation or, in cases of extended active duty, within 1 year of the date of discharge or separation subsequent to the extension.
The plain language of the statute requires the state or any of its political subdivisions to reemploy or reinstate an employee who has received an honorable discharge from the armed forces and returns for employment. There is no statutorily prescribed limit as to the amount of time a position must remain available for the employee, nor does section 295.09, Florida Statutes, limit the number of years a person may serve in the armed forces and take advantage of the reemployment provisions.[1]
The Federal counterpart to section 295.09, Florida Statutes, is38 U.S.C. § 4323(a). It allows any person who is employed and enlists in the armed forces to be entitled to reemployment rights, if the time spent in the armed forces does not exceed five years.
While 38 U.S.C. § 4323(a) places a five-year limitation on the number of years a person may serve in the armed forces and remain eligible for reemployment, it does not appear that such a limitation would preclude a state from allowing longer periods of service with reemployment protections.[2] The Division of Veterans Employment and Training of the United States Department of Labor has informed this office that it would not enforce a state law that required a longer period of time to maintain a position for a returning veteran, since this would exceed its jurisdiction granted by Federal Law and would be addressed by the state veterans' affairs agency.
The Florida Department of Veterans' Affairs has informed this office that the five-year limitation contained in 38 U.S.C. § 4323
does not limit the amount of time for which a position must be available for an honorably discharged veteran returning to employment by the state or one of its political subdivisions pursuant to section 295.09, Florida Statutes. I would note, however, that original enlistments in the armed forces may be for a period of at least two but not more than six years.[3] At the end of a person's initial enlistment, he or she is given a discharge that records the transfer or separation of military personnel from a period of active duty.[4] Furthermore, a service-person is given a discharge at the end of each reenlistment.
It would appear, therefore, when a person receives an honorable discharge from his or her original enlistment, the period of time within which the veteran may exercise his or her reemployment rights would begin to run under section 295.09, Florida Statutes.
As noted above, section 295.09, Florida Statutes, is written in terms of an employee leaving his or her public employment as a result of enlisting in the armed forces. The statute does not appear to contemplate multiple enlistments that would prolong the period that a veteran may maintain his or her reemployment rights to a position with the state or its political subdivisions.
Accordingly, it is my opinion that section 295.09, Florida Statutes, grants reemployment privileges only to those veterans returning to public employment after receiving an honorable discharge from his or her original enlistment. A returning veteran, however, must exercise the reemployment rights allowed under section 295.09, Florida Statutes within one year of the honorable discharge from the original enlistment.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209
(Fla. 1974) (Attorney General's Office has no authority to supply additional words to or modify the meaning of a duly enacted statute); and see, Op. Att'y Gen. Fla. 87-43 (1987), Op. Att'y Gen. Fla. 86-32 (1986), and Op. Att'y Gen. Fla. 82-20 (1982).
[2] Cf., Cronin v. Police Department of New York, 675 F. Supp. 847
(S.D.N.Y., 1987) (state law limiting protected military leave to six months conflicts with and is therefore preempted by statute which grants unlimited leave for armed forces training). See, Bottger v. Doss Aeronautical Services, Inc., 609 F. Supp. 583
(M.D.Ala., 1985) (veteran's reemployment act is construed liberally in favor of the employee reservist).
[3] 10 U.S.C. § 505(c).
[4] See, 32 C.F.R. § 45.1 (7-1-93 Ed.).